bWEIMER, J.
This is an appeal from a trial court judgment dismissing plaintiff’s suit for damages. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Raymond Rochon, was tried and convicted of aggravated rape in violation of Louisiana Revised Statutes 14:42 on December 6-7, 1979. Thereafter, he was sentenced to life imprisonment, in the custody of the Department of Corrections (DOC), without the benefit of probation, parole or suspension of sentence for a period of 40 years. Mr. Rochon subsequently appealed, and his conviction and sentence were upheld by the Louisiana Supreme Court. See State v. Rochon, 393 So.2d 1224 (La.1981).
On May 4, 1993, Mr. Rochon filed a petition for damages in the Nineteenth Judicial District Court alleging that since his incarceration in 1981 at the Louisiana State Penitentiary in Angola, Louisiana, he had been enslaved and illegally forced to work. A hearing on the merits of Mr. Rochon’s suit was held on September 15, 1997, at which time the matter was argued and submitted to the trial court. On October 2,1997, Commissioner Allen J. Bergeron, Jr. filed a recommendation that Mr. Rochon’s suit be dismissed. Judgment was ultimately rendered by the trial court on October 16, 1997, dismissing the suit with prejudice.
It is from this judgment that Mr. Rochon has appealed, assigning five specifications of error. He essentially complains that the trial court erred in (1) determining that he can be forced to work in prison although he was not sentenced to “hard labor”; (2) finding that he is not entitled to at least minimum wages for any work he does in prison; (3) denying his requests for a trial by jury; (4) failing to order the pleadings served on various additional defendants; and (5) concluding that his complaint is actually a challenge to the legality of his sentence.
LAW AND ANALYSIS
We note that the record of Mr. Ro-chon’s prior conviction is not presently before us. Nor is a transcript of his sentencing made a part of the record on appeal. [¡However, we have reviewed the court minutes from Mr. Rochon’s sentencing on December 20, 1979, which provide, in pertinent part, as follows:
Defendant was tried & convicted by jury on December 6 & 7, 1979 on the charge of aggravated rape. The defendant is present in open Court with one of his counsels of record, Mr. Kenneth 0. Privat, for sentencing. As mandated by law, the Court now sentences the defendant to serve a term of life imprisonment under the direct supervision of the Louisiana Department of Corrections, without benefit of probation, parole or suspension of sentence for 40 years, sentence to commence as provided by law. (Emphasis added.)
As previously indicated, Mr. Rochon appealed his conviction and sentence to the Louisiana Supreme Court. The decision of the court, State v. Rochon, 393 So.2d 1224 (La.1981), begins as follows:
Defendant Raymond Rochon was indicted by an Acadia Parish Grand Jury in connection with the April 30, 1978 aggravated rape of one Gloria Ann Francis, a violation of La.R.S. 14:42. Following trial before a twelve member jury, defendant was convicted and sentenced to life imprisonment at hard labor.[1] Rochon, 393 So.2d at 1225. (Emphasis added.)
*604 Following an eight and one half page decision setting out the assignments of error and the circumstances of Mr. Rochon’s trial, the unanimous decision ends, “[f]or the foregoing reasons, defendant’s conviction and sentence are affirmed.” Rochon, 393 So.2d at 1233.
In brief, Mr. Rochon cites Watson v. Graves, 909 F.2d 1549 (5th Cir.1990), as support for his claim for damages.[2] In Watson, the plaintiffs were convicted of non-violent crimes and incarcerated, in the Livingston Parish jail. Neither inmate was sentenced to hard labor, nor were they committed to DOC to serve their sentence. During the time of plaintiffs’ incarceration, the Sheriff administered a work release program whereby prisoners who were granted trustee status were allowed to work outside the jail for private individuals or companies for $20.00 per day. Plaintiffs participated in the Sheriffs work release program.
liAfter serving their respective sentences, the plaintiffs filed suit claiming violations of various federal laws, including the Thirteenth Amendment to the United States Constitution.[3] Summary judgment was granted in favor of the defendants, dismissing plaintiffs’ claims. On appeal, the court noted that a prisoner who is not sentenced to hard labor retains his Thirteenth Amendment rights. However, in order to prove a violation of the Thirteenth Amendment, the prisoner must show he was subjected to involuntary servitude or slavery. The court ultimately concluded that the plaintiffs were not subjected to involuntary servitude, and held that the district court had properly granted summary judgment in favor of the defendants on the plaintiffs’ Thirteenth Amendment claims. Watson, 909 F.2d at 1552-1553.
We note that Watson is distinguishable from the instant case in several respects. The plaintiffs in Watson were convicted of non-violent offenses and were incarcerated in a parish facility. In contrast, Mr. Rochon was convicted of aggravated rape, and clearly sentenced to DOC to serve his sentence.
Mr. Rochon argues that because he was not sentenced to “hard labor” following his conviction for aggravated rape, he cannot be required to work while in prison. He contends the requirement that he work amounts to slavery and involuntary servitude. We disagree.
As Louisiana Revised Statutes 14:42 existed in 1978, it did not provide for “imprisonment at hard labor.”[4] Furthermore, the sentencing judge did not specify “hard labor” in its pronouncement of Mr. Rochon’s sentence. However, as Mr. Rochon was clearly sentenced to DOC, his sentence was necessarily at hard labor. In accordance with Louisiana Revised Statutes 15:824(C), “only individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections.” See also State v. Lisenby, 534 So.2d 996, 998 (La.App. 3 Cir.1988).
5In Wendt v. Lynaugh, 841 F.2d 619, 620-621 (5th Cir.1988), the plaintiffs, who had been convicted and incarcerated in the Texas prison system, .filed suit against Texas prison officials and other Texas officials claiming that the labor they were forced to carry out as prisoners without compensation constituted a violation of the Thirteenth Amendment to the United States Constitution. The court concluded that the requirement that incarcerated prisoners work without pay did not constitute cruel and unusual punishment, in *605 voluntary servitude, or denial of equal protection. The court noted that no issue of involuntary servitude arises when a person is duly tried, convicted, and sentenced in accordance with the law.
The Louisiana Constitution is also clear that involuntary servitude is prohibited except as punishment for a crime. La. Const, art. I, § 3.[5] When an individual is duly tried, convicted, and incarcerated with DOC as punishment for a crime, there is no issue of involuntary servitude based on the Louisiana Constitution. Furthermore, when a defendant is sentenced to DOC, he is governed by the rules of DOC. See LSA-RS. 15:821 and LAC, Title 22, Corrections, Criminal Justice and Law Enforcement. If these rules contemplate that a defendant must work, then he must work. We note that Mr. Rochon does not attack these DOC rules. Rather, he simply makes a constitutional argument which we find to be without merit. Having found that Mr. Rochon’s complaints are without merit in this regard, it is unnecessary for us to address the other assignments of error urged in this appeal.
CONCLUSION
Mr. Rochon was clearly sentenced to DOC by the trial court. A DOC sentence, of necessity, means confinement at hard labor. There is no prohibition against Mr. Rochon performing work while he is confined to DOC. Thus, for the foregoing reasons, fethe judgment of the trial court dismissing Mr. Rochon’s suit with prejudice is affirmed. Costs of this appeal are assessed against Mr. Rochon.[6]
AFFIRMED.

. We note that the trial court made no reference to "hard labor" in Mr. Rochon's sentence, which was affirmed by the Louisiana Supreme Court.

. The record indicates that Mr. Rochon is only claiming that his state constitutional right against slavery and involuntary servitude contained in La. Const, art. I, § 3 is being violated. The federal cases discussed in this opinion deal with the federal right against slavery and involuntary servitude contained in. the Thirteenth Amendment to the United States Constitution. However, because these state and federal constitutional rights are analogous, our reliance on federal jurisprudence to decide the merits of Mr. Ro-chon's state constitutional claim is warranted.

. The Thirteenth Amendment provides as follows: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.” U.S. Const, amend. XIII, § 1.

. Section 1 of Acts 1977, No. 343, effective September 9, 1977, amended and reenacted LSA-R.S. 14:42 to provide, in pertinent part, as follows: "Whoever commits the crime of aggravated rape shall be punished by life imprisonment without benefit of parole, probation or suspension of sentence.”

. The First Amendment provides as follows: No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime. La. Const, art. I, § 3.

. Costs of appeal may be taxed against appellant who prosecuted appeal in forma pauperis. LSA-C.C.P. art. 5188; State in the Interest of EG, 95-0018, pp. 6-7 (La.App. 1 Cir. 6/23/95), 657 So.2d 1094, 1098, writ denied, 95-1865 (La.9/1/95), 658 So.2d 1263.