FREDERICKS HOMBERG WICKER, Judge.
|2In this criminal matter, defendant/appellant, Mr. Mackenxo Saint-Vil’s appellate counsel, filed a motion to withdraw with accompanying brief stating that no non-frivolous issues exist which arguably support an appeal. After an independent review of the record, we agree that no non-frivolous issues exist. Therefore, Mr. Saint-Vil’s conviction and sentence are affirmed. The case is remanded to the district court for the correction of an error patent.
Facts and Procedural History
On June 4, 2008, Mr. Saint-Vil was charged by bill of information, in case number 08-2930, with introducing contraband into a penal institution in violation of La. R.S. 14:402. He pled not guilty at the arraignment, but on January 29, 2009, Mr. SainL-Vil withdrew his not guilty plea and tendered a plea of guilty. Pursuant to a plea agreement, he was sentenced to five years imprisonment in the | ^.Department of Corrections. The sentence was to run concurrently with the sentences imposed in case numbers 04-3033 and 04-4735.[1]
On November 8, 2010, Mr. Saint-Vil filed an application for post-conviction relief seeking an out-of-time appeal, alleging that his plea was not knowingly and intelligently made. The trial court granted an out-of-time appeal for case numbers 04-4735 and 08-2930 and appointed the Louisiana Appellate Project to represent Mr. Saint-Vil.
Discussion
Mr. Saint-Vil’s appellate counsel filed a motion to withdraw and brief with this Court stating that, after a conscientious and thorough review of the record, no non-frivolous issues exist to arguably support an appeal. When appointed counsel has filed such a brief, Anders requires that counsel move to withdraw. State v. Benjamin, 573 So.2d 528, 531 (La.App. 4 Cir. 1990).
In Anders v. California, 386 U.S. 738, 744 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), the United States Supreme Court stated that appellate counsel may request permission to withdraw if, after a conscientious examination of the record, he finds the case to be wholly frivolous. The request, however, must “be accompanied by a brief referring to anything in the record that might arguably support the appeal.” Id. This provides the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” State v. Haynes, 09-109, p. 15-16 (La.App. 5 Cir. 2/9/10), 34 So.3d 325, 335 quoting McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
An Anders brief need not tediously catalog every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit. State v. Jyles, 96-2669, p. 2 (La.12/12/97), 704 So.2d 241. *393 Rather, it must ensure the court that the defendant’s constitutional rights have not been violated. Id. Appellate counsel must demonstrate to the court by full discussion and analysis that he has “cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
In this case, we find that appellate counsel has complied with the requirements set forth in Anders. Counsel notes that the record contains no pretrial rulings to review. Appellate counsel also notes that Mr. Saint-Vil was fully informed of the legal consequences of his plea by both his trial counsel and the trial court. She found that the Boykin form and trial court adequately informed Mr. Saint-Vil of the offense he was pleading guilty to, the rights he was relinquishing, and the sentence he would receive.
The State responded noting that appellate counsel’s brief shows a conscientious and thorough review and recitation of the case’s procedural history. The State further agrees that appellate counsel cast an advocate’s eye over the record when she determined there were no significant non-frivolous issues upon which to base an appeal. The State requests this Court to affirm Mr. Saint-Vil’s conviction and sentence.
When an Anders brief is filed, the appellate court must conduct an independent review of the record. Haynes, supra at 335. After a full examination | sof all the proceedings, the appellate court proceeds to determine whether the ease is wholly frivolous. Anders, supra at 744, 87 S.Ct. 1396. If it so finds, it may grant counsel’s motion to withdraw and dismiss the appeal. Id. The motion will not be acted upon, however, until the appellate court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his own behalf. Benjamin, supra at 531.
This Court mailed Mr. Saint-Vil a letter on January 4, 2011, informing him that his appellate counsel filed a brief with this Court stating that no non-frivolous issues exist for this Court to review on appeal. We also informed him that he could file a supplemental brief on his own behalf and gave him until January 27, 2011 to do so. He filed a supplemental brief on January 11, 2011. As the State pointed out, however, the supplemental brief Mr. Saint-Vil filed raises issues pertinent to case 04-3033, which is not the subject of this appeal. We will, therefore, proceed with an independent review of the record which will consist of:
1) a review of the bill of information or indictment to insure the defendant was properly charged; 2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; 3) a review of all pleadings in the record; 4) a review of the jury sheets; and 5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Id.
Our review of the record supports appellate counsel’s assertion that no non-frivolous issues arguably support an appeal.
We have reviewed the record in its entirety, including the bill of information, all minute entries, pleadings, and the transcript. Mr. Saini>-Vil was present and represented by counsel at arraignment when he entered his not guilty plea and during the Boykin hearing when he withdrew that plea and tendered a plea of guilty as required by La.C.Cr.P. art. *394 831(A). The transcript of the Boykin hearing and the Boykin form indicate that Mr. Saint-Vil was adequately advised of |fithe right to a jury trial, the right of confrontation, and the privilege against self-incrimination. The trial judge explained to Mr. Saint-Vil the offense with which he was charged, the sentencing range for that offense, and the sentence he would receive pursuant to the agreement. Further, Mr. Saint>-Vil acknowledged that he understood his rights and wished to waive them. In addition, he acknowledged that he did, in fact, commit the offense. As appellate counsel pointed out, there were no rulings on any pre-trial motions in this case to review.
Because the record reveals no non-frivolous issues and no ruling which arguably supports an appeal, Mr. Saint-Vil’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.
Error Patent Discussion
Appellate counsel has requested that this Court review the record for errors patent in conformity with La.C.Cr.P. art. 920. See State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals an error that requires corrective action.
We first note that the trial judge imposed a sentence of five years in the Department of Corrections rather than stating the sentence was imposed at hard labor. When the trial judge states that the sentence is to the Department of Corrections, the sentence is necessarily at hard labor. Rochon v. Blackburn, 97-2799, p. 4 (La.App. 1 Cir. 12/28/98), 727 So.2d 602, 604. Therefore, no corrective action is necessary.
We also note that the commitment states that Mr. Saint-Vil’s sentence is to run concurrently with case 04-303. The case number, however, as correctly noted by the trial court is 04-3033. When there is a discrepancy between the transcript and the commitment, the transcript generally prevails. State v. Richardson, 09-0714, p. 8 (La.App. 5 Cir. 2/9/10), 33 So.3d 903, 908 citing State v. Lynch, 441 So.2d 732, 734 (La.1983). We therefore remand with an order that the district court amend the commitment to conform to the transcript. The district court is directed to make an entry in the minutes reflecting this change and the clerk of court is directed to transmit the original of the minute entry to the officer in charge of the institution to which Mr. Saint-Vil has been sentenced and to the General Counsel of the Louisiana Department of Public Safety and Corrections. La.C.Cr.P. art. 892(B)(2). State ex rel Roland v. State, 06-0244, (La.9/15/06), 937 So.2d 846.
Decree
For the foregoing reasons, the conviction and sentence are affirmed. The motion to withdraw as counsel is granted. The matter is remanded to the district court to amend the commitment for correction of the typographical error.

CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS.

. On January 28, 2009, Mr. Saint-Vil pled guilty to manslaughter in case number 04-3033 and was sentenced to 30 years imprisonment at hard labor. The next day, he pled guilty to three counts of varying forms of simple burglary in case number 04-4735 and was sentenced to 12 years imprisonment with the Department of Corrections on each count.