FREDERICKA HOMBERG WICKER, Judge.
|?In this criminal matter, defendant/appellant, Mr. Maekenxo Saint-Vil’s appellate counsel, filed a motion to withdraw with accompanying brief stating that no non-frivolous issues exist which arguably support an appeal. After an independent review of the record, we agree that no non-frivolous issues exist. Therefore, Mr. Saint-Vil’s convictions and sentences are affirmed.
Facts and Procedural History
On July 15, 2004, Mr. Saint-Vil was charged by bill of information, in case number 04-4735, with one count of simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2 and two counts of simple burglary in violation of La. R.S. 14:62. He pled not guilty at the arraignment, but on January 29, 2009, Mr. Saint-Vil withdrew his not guilty pleas and tendered pleas of guilty. Pursuant to a plea agreement, he was sentenced to 12 years imprisonment for each count in the [¡¡Department of Corrections. The sentences were to run concurrently with the sentences imposed in case numbers 04- *320 3033 and 08-2930.[1]
On October 14, 2010, Mr. Saint-Vil filed an application for post-conviction relief seeking an out-of-time appeal, alleging that his pleas were not knowingly and intelligently made. The trial court granted an out-of-time appeal for case numbers 04-4735 and 08-2930 and appointed the Louisiana Appellate Project to represent Mr. Saint-Vil.
Discussion
Mr. Saint-ViPs appellate counsel filed a motion to withdraw and brief with this Court stating that, after a conscientious and thorough review of the record, no non-frivolous issues exist to arguably support an appeal. When appointed counsel has filed such a brief, Anders requires that counsel move to withdraw. State v. Benjamin, 573 So.2d 528, 531 (La.App. 4 Cir. 1990).
In Anders v. California, 386 U.S. 738, 744 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), the United States Supreme Court stated that appellate counsel may request permission to withdraw if, after a conscientious examination of the record, he finds the case to be wholly frivolous. The request, however, must “be accompanied by a brief referring to anything in the record that might arguably support the appeal.” Id. This provides the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” State v. Haynes, 09-109, p. 15-16 (La.App. 5 Cir. 2/9/10), 34 So.3d 325, 335 quoting McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
An Anders brief need not tediously catalog every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit. State v. Jyles, 96-2669, p. 2 (La.12/12/97), 704 So.2d 241. Rather, it must ensure the court that the defendant’s constitutional rights have not been violated. Id. Appellate counsel must demonstrate to the court by full discussion and analysis that he has “cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
In this case, we find that appellate counsel has complied with the requirements set forth in Anders. Counsel notes that the only pretrial ruling in this case was regarding Mr. Saint-Vil’s request for funds to hire a personal investigator and for DNA testing.[2] Appellate counsel also notes that Mr. Saint-Vil was fully informed of the legal consequences of his pleas by both his trial counsel and the trial court. She found that the Boykin form and trial court adequately informed Mr. Saint-Vil of the offenses he was pleading guilty to, the rights he was relinquishing, and the sentences he would receive.
*321 The State responded noting that appellate counsel’s brief shows a conscientious and thorough review and recitation of the case’s procedural history. The State further agrees that appellate counsel cast an advocate’s eye over the record when she determined there were no significant non-frivolous issues upon | ¿which to base an appeal. The State requests this Court to affirm Mr. Saint-Vil’s convictions and sentences.
When an Anders brief is filed, the appellate court must conduct an independent review of the record. Haynes, supra at 335. After a full examination of all the proceedings, the appellate court proceeds to determine whether the case is wholly frivolous. Anders, supra at 744, 87 S.Ct. 1396. If it so finds, it may grant counsel’s motion to withdraw and dismiss the appeal. Id. The motion will not be acted upon, however, until the appellate court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his own behalf. Benjamin, supra at 531.
This Court mailed Mr. Saintr-Vil a letter on January 4, 2011, informing him that his appellate counsel filed a brief with this Court stating that no non-frivolous issues exist for this Court to review on appeal. We also informed him that he could file a supplemental brief on his own behalf and gave him until January 27, 2011 to do so. He filed a supplemental brief on January 11, 2011. As the State pointed out, however, the supplemental brief Mr. Saint-Vil filed raises issues pertinent to case 04-3033, which is not the subject of this appeal. We will, therefore, proceed with an independent review of the record which will consist of:
1) a review of the bill of information or indictment to insure the defendant was properly charged; 2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; 3) a review of all pleadings in the record; 4) a review of the jury sheets; and 5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Id.
Our review of the record supports appellate counsel’s assertion that no non-frivolous issues arguably support an appeal.
We have reviewed the record in its entirety, including the bill of information, all minute entries, pleadings, and the transcript. Mr. Saint-Vil was ^present and represented by counsel at arraignment when he entered his not guilty pleas and during the Boykin hearing when he withdrew those pleas and tendered pleas of guilty as required by La.C.Cr.P. art. 831(A). The transcript of the Boykin hearing and the Boykin form indicate that Mr. Saint-Vil was adequately advised of the right to a jury trial, the right of confrontation, and the privilege against self-incrimination. The trial judge explained to Mr. Saint-Vil the offenses with which he was charged, the sentencing range for those offenses, and the sentences he would receive pursuant to the agreement. Further, Mr. Saint-Vil acknowledged that he understood his rights and wished to waive them. In addition, he acknowledged that he did, in fact, commit the offenses. As appellate counsel pointed out, the only pretrial ruling involved a request for funding.
Because the record reveals no non-frivolous issues and no ruling which arguably supports an appeal, Mr. Saint-Vil’s convictions and sentences are affirmed. Appellate counsel’s motion to withdraw is granted.
Error Patent Discussion
Appellate counsel has requested that this Court review the record for errors *322 patent in conformity with La.C.Cr.P. art. 920. See State v. Oliveaux, 812 So.2d 337 (La.1975); State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990).
We first note that the trial judge imposed the sentences in the Department of Corrections rather than stating the sentences were imposed at hard labor. When the trial judge states that the sentence is to the Department of Corrections, the sentence is necessarily at hard labor. Rochon v. Blackburn, 97-2799, p. 4 (La.App. 1 Cir. 12/28/98), 727 So.2d 602, 604. Therefore, no corrective action is necessary.
We also note that Mr. Saint-Vil’s sentence on Count 1 — simple burglary of an inhabited dwelling — was imposed without restrictions. However, La. R.S. 14:62.2 provides:
17[w]hoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without the benefit of parole, probation or suspension of sentence, nor more than twelve years, (emphasis added)
When a criminal statute requires that all or portion of a sentence be served without the benefit of probation, parole, or suspension of sentence, La. R.S. 15:301.1(A) provides:
[t]he failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence, (emphasis added).
The Louisiana Supreme Court stated in State v. Williams, 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799, that in instances where the restrictions are not recited at sentencing, La. R.S. 15:301.1(A) “deems that those required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court.” La. R.S. 15:301.1(A) self-activates the correction and eliminates the need to remand for a ministerial correction. Id.
Due to the self-activating provision of La. R.S. 15:301.1, Mr. Saint-Vil’s sentence for violating La. R.S. 14:62.2 is imposed without the benefit of parole, probation or suspension of sentence.
Decree
For the foregoing reasons, the convictions and sentences are affirmed. The motion to withdraw as counsel is granted.

CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED.

. On January 28, 2009, Mr. Saint-Vil pled guilty to manslaughter in case numbers 04-3033 and was sentenced to 30 years imprisonment at hard labor. The next day, he pled guilty to introducing contraband into a penal institution in violation of La.R.S. 14:402 and was sentenced to five years imprisonment.

. The transcript from that hearing, which was held on June 15, 2007, reflects that cases 04— 4735 and 04-3033 (the manslaughter offense) were both handled during that proceeding. Thus, it appears that the ruling on the request for funding concerned case number 04-3033.