NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 KA 0089

STATE OF LOUISIANA

VERSUS

ELI CHARPENTIER

*Judgment Rendered:*   DEC 06 2024

* * * * * * * *

Appealed from the
17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Case No. 588751, Division C

The Honorable Marla M. Abel, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Jacob Longman | Counsel for Defendant/Appellant |
| Kathryn Jakuback Burke | Eli Charpentier |
| F. Richard Sprinkle | |
| Jennifer Carpenter Cameron | |
| Baton Rouge, Louisiana | |
| | |
| Kristine Russell | Counsel for Appellee |
| District Attorney | State of Louisiana |
| Joseph S. Soignet | |
| Jason Chatagnier | |
| Assistant District Attorneys | |
| Thibodaux, Louisiana | |

* * * * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**THERIOT, J.**

The defendant, Eli Charpentier, was charged by amended bill of information with aggravated crime against nature (count one), in violation of La. R.S. 14:89.1(A)(2)(a) and (C)(2), pornography involving juveniles under the age of thirteen (count two), in violation of La. R.S. 14:81.1(E)(5)(a), and indecent behavior with a juvenile (count three), in violation of La. R.S. 14:81(A)(1) and (H)(2). He pled not guilty and, following a jury trial, was convicted as charged. The trial court thereafter sentenced him as follows: on count one, twenty-five years at hard labor without the benefit of parole, probation, or suspension of sentence; on count two, twenty years without the benefit of parole, probation, or suspension of sentence; and on count three, ten years at hard labor without the benefit of parole, probation, or suspension of sentence.[1] The sentences were ordered to run concurrently with one another. The defendant now appeals, designating two assignments of error. For the following reasons, we affirm the defendant's convictions, his sentences on counts one and three, and his sentence on count two as amended.

## FACTS

In July 2017, the mother of the victim in this matter, nine-year-old L.J., discovered that the defendant, L.J.'s uncle, was sexually molesting L.J. while he was living in the family's home.[2] L.J.'s mother did not file a police report, but an anonymous caller reported the allegations to DCFS on June 10, 2019, which led to an investigation. During a forensic interview at the Children's Advocacy Center, L.J. disclosed the defendant touched her breasts and vagina on several occasions.

---

[1] As later discussed in the patent error section, contrary to the minutes and commitment order, the sentencing transcript reveals the trial court did not impose the sentence on count two at hard labor. In the event of a discrepancy between the transcript and the commitment order and/or minutes, the transcript prevails. See **State v. Lynch**, 441 So.2d 732, 734 (La. 1983); see also **State v. Johnson**, 2020-0679 (La. App. 1st Cir. 4/28/21), 2021 WL 1662420, *6 n.4 (unpublished), writ denied, 2021-00802 (La. 10/5/21), 325 So.3d 381.

[2] We use the victim's initials to protect her identity. See La. R.S. 46:1844(W).

The police searched an SD card from the defendant's camera which revealed photographs of the defendant touching his erect penis to L.J's lips and photographs of L.J's exposed breasts, which were taken while she was asleep. The defendant was subsequently arrested.

## ASSIGNMENT OF ERROR ONE

In his first assignment of error, the defendant argues he was denied his right to due process and his right to a fair trial when the trial court failed to investigate potential juror bias during voir dire. The State, in response, argues the claim was not preserved for appellate view. We agree with the State.

During the fourth and final panel of voir dire, prospective juror Jill Pitre stated she had friends and a distant family member employed in law enforcement.[3] The trial court asked whether she would give more weight to law enforcement members' testimony, and Pitre responded: "No. But I have a different issue." Pitre asked to approach the bench privately and, thereafter, a bench conference was held outside the hearing of the prospective jurors. The following colloquy ensued:

THE PROSPECTIVE JUROR, JILL PITRE:
So, last night after I called in to see if the case was still on, like, I already knew what was gonna [sic] happen today and I already have my mind made up and I already know he's guilty.

THE COURT:
Okay. Have you -- did you research the case?

THE PROSPECTIVE JUROR, JILL PITRE:
No. I had a vision.

THE COURT:
Okay. Can you explain that? You had a vision, you said?

THE PROSPECTIVE JUROR, JILL PITRE:
Uh-huh (affirmative response).

THE COURT:
Okay. Would the attorneys -- would anyone object to her being dismissed for cause?

---

[3] According to the record, eleven jurors were selected for the jury at the end of the third panel.

MR. CHATAGNIER:
Not from the State, no, Your Honor.

THE COURT:
Okay. Based on the fact that you already have that in your mind, I will dismiss you and you are free to go. Thank you for you[r] honesty.

After Pitre was excused, the trial court remarked that her juror questionnaire indicated she was employed as a psychic. No subsequent questions or comments were made by the trial court or trial counsels in reference to Pitre's alleged visions.

On appeal, the defendant argues the trial court erred in failing to investigate whether Pitre's psychic visions tainted the jury. Specifically, he asserts the trial court should have determined if Pitre discussed her visions with other potential jurors and contends the trial court's failure to do so "open[ed] the question of whether [the defendant] was tried by an unbiased jury, capable of fairly deliberating a verdict."

However, there was no objection lodged by the defendant during or subsequent to the colloquy with Pitre. Under La. Code Crim. P. art. 841(A), a contemporaneous objection is required to preserve an error for appellate review. The purpose of the contemporaneous objection rule is to allow the trial judge the opportunity to rule on the objection and thereby prevent or cure an error. **State v. Kitts**, 2017-0777 (La. App. 1st Cir. 5/10/18), 250 So.3d 939, 960, writ denied, 2018-00872 (La. 1/28/20), 291 So.3d 1057. Irregularities or errors cannot be availed of on appeal if they are not objected to at the time of the occurrence.[4] **State v. Lampley**, 2018-0402 (La. App. 1st Cir. 11/2/18), 265 So.3d 799, 813, writ denied, 2018-1965 (La. 4/8/19), 267 So.3d 612. The defendant acknowledges he

---

[4] If an alleged error is so significant that it violates a fundamental right, then to preserve the requirements of due process, the error is reviewable on appeal even absent a contemporaneous objection. See La. Code Crim. P. art. 920(2); **State v. Arvie**, 505 So.2d 44, 47 (La. 1987); **State v. Howard**, 2018-0317 (La. App. 1st Cir. 9/21/18), 258 So.3d 66, 84 n.8, writ denied, 2018-1650 (La. 5/6/19), 269 So.3d 692. To meet the exception to the contemporaneous objection requirement, the error must cast substantial doubt on the reliability of the fact-finding process. **Howard**, 258 So.3d at 84 n.8. That standard is not met here.

4

failed to make an objection or move for a mistrial, which is the basis for his claim of ineffective assistance of counsel discussed below. Accordingly, we find because the defendant did not object at the time of the alleged error, this assignment of error is not preserved for appellate review.

## ASSIGNMENT OF ERROR TWO

In his second assignment of error, the defendant argues he was deprived of the effective assistance of counsel due to counsel's failure to investigate the possible jury taint, make an objection, or seek a mistrial based on Pitre's alleged vision.

Every criminal defendant is entitled to the effective assistance of counsel. U.S. Const. amend. VI; La. Const. art. I, § 13. A claim of ineffectiveness of counsel is analyzed under the two-pronged test developed by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish his trial attorney was ineffective, the defendant must first show the attorney's performance was deficient, which requires a showing that counsel made errors so serious he was not functioning as counsel guaranteed by the Sixth Amendment. **State v. McMillan**, 2009-2094 (La. App. 1st Cir. 7/1/10), 43 So.3d 297, 302, writ denied, 2010-1779 (La. 2/4/11), 57 So.3d 309. Secondly, the defendant must prove the deficient performance prejudiced the defense. This element requires a showing that the errors were so serious that the defendant was deprived of a fair trial; the defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that, but for the counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. However, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the

5

components. **Id.** at 302-03; see also **State v. Anderson**, 2022-0587 (La. App. 1st Cir. 12/22/22), 357 So.3d 845, 854, writ denied, 2023-00352 (La. 9/6/23), 369 So.3d 1267.

A claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the trial court where a full evidentiary hearing may be conducted.[5] However, where the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, the issue may be addressed in the interest of judicial economy. **State v. Anderson**, 2023-0271 (La. App. 1st Cir. 11/3/23), 2023 WL 7270839, *4 (unpublished), writ denied, 2023-01591 (La. 5/21/24), 385 So.3d 241. The investigation of strategy decisions requires an evidentiary hearing and, therefore, cannot be reviewed on appeal. Further, under our adversary system, once a defendant has the assistance of counsel, the vast array of trial decisions, strategic and tactical, which must be made before and during trial rest with an accused and his attorney. The fact that a particular strategy is unsuccessful does not establish ineffective assistance of counsel. **Id.** at *4, see also **State v. Folse**, 623 So.2d 59, 71 (La. App. 1st Cir. 1993).

As discussed above, the defendant argues counsel's failure to investigate the possible jury taint, make an objection, or seek a mistrial in regard to Pitre's alleged psychic visions resulted in ineffective assistance of counsel. However, it is not clear from the record whether defense counsel's failure to do so was a result of a sound tactical decision or ineffective assistance of counsel. This court cannot effectively review whether Pitre shared her psychic visions with members of the jury pool and, if so, whether that information resulted in jury bias affecting the outcome of the defendant's trial, such that defense counsel rendered ineffective assistance of counsel. Because the record does not allow for definitive resolution

---

[5] The defendant would have to satisfy the requirements of La. Code Crim. P. art. 924, *et seq.*, in order to receive such a hearing. **Anderson**, 357 So.3d at 855 n.4.

6

on appeal, we find this claim is more properly relegated to post-conviction proceedings where the trial court may conduct a full evidentiary hearing. See **State v. Lafont**, 2023-0086 (La. App. 1st Cir. 9/15/23), 375 So.3d 1002, 1012.

## PATENT ERROR

Pursuant to La. Code Crim P. art. 920(2), this court routinely conducts a review of all appeals for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. **State v. Anthony**, 2023-0117 (La. App. 1st Cir. 11/3/23), 378 So.3d 766, 775, writ denied, 2024-00027 (La. 5/21/24), 385 So.3d 242. After a careful review of the record, we have found two patent errors.

First, the defendant's sentence for pornography involving juveniles under the age of thirteen (count two) was not imposed at hard labor.[6] Pursuant to La. R.S. 14:81.1(E)(5)(a), the sentence must be served at hard labor. Inasmuch as an illegal sentence is an error discoverable by a mere inspection of the proceedings without inspection of the evidence, La. Code Crim. P. art. 920(2) authorizes consideration of such an error on appeal. Moreover, La. Code Crim. P. art. 882(A) authorizes the appellate court to correct an illegal sentence on review. Since correction of the illegal sentence in this case does not involve sentencing discretion, this court has the authority to simply amend the sentence. See **State v. Jefferson**, 2018-0037 (La. App. 1st Cir. 6/1/18), 2018 WL 2454474, *4 (unpublished). Accordingly, we hereby amend the sentence for pornography involving juveniles under the age of thirteen (count two) by providing it be served at hard labor.

---

[6] Regarding counts one and three, the trial court committed the defendant to confinement with the Louisiana Department of Public Safety and Corrections. A sentence committing a prisoner to the Department of Safety and Corrections is necessarily at hard labor. See La. R.S. 15:824(C)(1); **Rochon v. Blackburn**, 97-2799 (La. App. 1 Cir. 12/28/98), 727 So.2d 602, 604; **State v. Lawson**, 04-334 (La. App. 5 Cir. 9/28/04), 885 So.2d 618, 621 n.2.

Further, the transcript reflects after the trial court imposed the defendant's sentences, it advised he had "two years from the date this conviction becomes final to file an application for post conviction relief." The prescriptive period for filing an application for post-conviction relief is two years after the judgment of convictions and sentences become final under the provisions of La. Code Crim. P. arts. 914 or 922. See La. Code Crim. P. art. 930.8(A); **State v. LeBoeuf**, 2006-0153 (La. App. 1st Cir. 9/15/06), 943 So.2d 1134, 1143, writ denied, 2006-2621 (La. 8/15/07), 961 So.2d 1158. Though the transcript reflects the trial court provided the defendant with a copy of La. Code Crim. P. art. 930.8 setting forth the post-conviction relief prescriptive period, such is not contained in the record. Nevertheless, the trial court's failure to correctly advise the defendant of the prescriptive period has no bearing on the sentence and is not grounds to reverse the sentence or remand for resentencing. Out of an abundance of caution and in the interest of judicial economy, we advise the defendant La. Code Crim. P. art. 930.8 generally provides that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of convictions and sentences have become final under the provisions of La. Code Crim. P. arts. 914 or 922. **LeBoeuf**, 943 So.2d at 1142-43.

Accordingly, we affirm the defendant's convictions, his sentences on counts one and three, and his sentence on count two as amended.

**CONVICTIONS AFFIRMED; SENTENCES FOR COUNTS ONE AND THREE AFFIRMED; AND SENTENCE FOR COUNT TWO AFFIRMED, AS AMENDED.**