534 So.2d 996 (1988)
STATE of Louisiana
v.
James Wesley LISENBY.
No. Cr88-527.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1988.
*997 Patrick L. Durusau, Jena, for defendant-appellant.
Dan B. Cornett, Dist. Atty., Jena, for plaintiff-appellee.
Before STOKER, LABORDE and KING, JJ.
STOKER, Judge.
Defendant was charged with three counts of distribution of marijuana, violations of LSA-R.S. 40:966(A)(1). He was convicted by a unanimous jury of the responsive offense of attempted distribution of marijuana. Defendant was sentenced to four years at hard labor which was suspended, conditioned on defendant serving one year at hard labor and five years supervised probation, plus a fine of $1500 and costs, "plus default time for the fine." Defendant appeals his sentence as constitutionally excessive.
FACTS
On April 23, 1987 defendant handrolled three marijuana cigarettes in the presence of a friend and two undercover police officers in his home in Olla, Louisiana. Defendant gave one of the marijuana cigarettes to one of the officers, who put it in a cellophane bag in his shirt pocket. Moments later, a second marijuana cigarette was lit and smoked, being passed several times around the room. The officers then left defendant's home, retaining the marijuana cigarette given to them by defendant. After laboratory analysis confirmation that the cigarette given to the officers contained marijuana, defendant was arrested, tried and convicted of attempted distribution of marijuana.
In sentencing defendant, the trial court orally assigned the reasons for the sentence imposed and stated the sentence as follows:
"It's the sentence of the court that you serve a period of four years in the state penitentiary; that that four years is suspended conditioned upon you serving a period of one year in the state penitentiary, and conditioned upon you remaining on supervised probation for a period of five years thereafter.
"In addition to that, you're ordered to pay a fine of $1500 plus default time for the fine simply because he's not in a situation that the court can impose that upon him at this time."
We do not reach the question of excessiveness of sentence because the sentence on its face is illegal and improper. Accordingly, we will set the sentence aside and remand the case to the trial court for resentencing. See Official Revision Comment under LSA-C.Cr.P. art. 882 and State v. LaBure, 427 So.2d 855 (La.1983).
Conditions of probation are provided for in Article 895 of the Code of Criminal Procedure. Paragraph B of that article provides:
"B. In felony cases, an additional condition of probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed two years." (Emphasis added.)
LSA-R.S. 15:824(A) provides that "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Corrections and not to any particular institution within the jurisdiction of the department." (Emphasis added.) In both its probated sentence and the probationary sentence the trial judge condemned *998 the defendant to serve "in the state penitentiary." This was improper and the sentence should have been to the custody of the Department of Corrections.
As noted above, paragraph B of LSA-C.Cr.P. art. 895 does not authorize a probationary sentence at hard labor. Such a sentence must be without hard labor. However, a sentence committing a prisoner to the Department of Corrections is necessarily at hard labor. LSA-R.S. 15:824(C). Therefore, a defendant may not be sentenced to serve in the custody of the Department of Corrections without hard labor. In any event, a probationary sentence at hard labor is illegal and must be set aside.
The sentence contains an additional deficiency. Under LSA-C.Cr.P. art. 884, a prison sentence imposed in default of payment of a fine must be for a specified period not to exceed one year. No period was specified by the trial court. Therefore, this part of the sentence is statutorily deficient.
DECREE
For the reasons expressed herein defendant's sentence is vacated and set aside and this case is remanded to the district court for resentencing in accordance with the views expressed herein.
VACATED AND REMANDED.