885 So.2d 618 (2004)
STATE of Louisiana
v.
Nick LAWSON.
No. 04-KA-334.
Court of Appeal of Louisiana, Fifth Circuit.
September 28, 2004.
*620 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD, and THOMAS F. DALEY.
THOMAS F. DALEY, Judge.
The defendant has appealed his six-year sentence as a second felony offender for his conviction of one count of battery on a correctional facility employee and two counts of simple battery. For the reasons that follow, we affirm the sentence and remand this matter to the trial court with instructions.

FACTS:
The defendant, Nick Lawson, was charged with three counts of battery upon three different correctional facility employees while detained in jail, violations of LSA-R.S. 14:34.5. He proceeded to trial before a six-person jury.
At approximately 6:15 or 6:30 a.m. on April 7, 2002, defendant was in a temporary holding cell in the intake booking area of the Jefferson Parish Correctional Center. Deputy Louis Ancar testified that the defendant was belligerent and yelling when he was first brought into the jail. Defendant was not yet processed for booking when he requested to use the restroom. Deputy Mark Layrisson, the processing officer, testified that he told the defendant that he needed to wait until he had been processed because the restroom was located in an area of the jail where certain items could not be taken. Deputy Layrisson testified that when he told defendant he would need to wait, defendant urinated through the mesh siding of the temporary cell onto the floor.
Deputy Ancar, who was nearby, testified that he saw defendant urinating on the floor. Deputies Ancar and Layrisson decided to remove defendant from the cell. After Deputy Ancar opened the door, both he and Deputy Layrisson requested defendant to exit the cell. According to Deputy Ancar, defendant said that if they wanted him to come out, they would have to drag him out. Deputy Joaquin Campoy testified that he was approximately eight to ten feet away from defendant's cell, heard the commotion, and went to investigate. As Deputy Campoy approached, defendant threw his shoes into the puddle of urine, which splashed on all three officers.
According to Deputy Campoy, defendant was aggressive and cursing while in the back of the holding cell. Deputy Campoy entered the cell and told the defendant that he needed to exit the cell, but defendant raised his fists and told the officer that he would have to "come in and get me." Thereafter, defendant struck Deputy Campoy in the left jaw. Deputy Campoy *621 and Deputy Ancar were able to remove defendant from the cell. As the officers and defendant exited the cell, they were shoved into Deputy Layrisson, who was standing outside of the cell.
The scuffle continued on the floor and defendant was ultimately subdued and handcuffed. Defendant was processed and placed in an isolation cell. Defendant subsequently filed a complaint against the officers for battery.
Deputy Campoy sustained a cut on his arm during the incident and Deputy Ancar sustained "[m]inor scrapes and bruises." Deputy Layrisson said that he was shoved against the wall when the officers and defendant exited the cell and that defendant's "swinging hands ... brushed" against him.
At the conclusion of trial, the jury found defendant guilty as charged to count one, which involved correctional employee, Deputy Joaquin Campoy. The jury returned responsive verdicts of guilty of simple battery on counts two and three, which involved correctional employees, Deputies Mark Layrisson and Louis Ancar, respectively.
After denying defendant's Motion for New Trial, the trial judge sentenced defendant on April 10, 2003 to five years of imprisonment with the "Department of Corrections" on count one. The trial judge also imposed sentences of six months each on counts two and three to be served with the "Department of Corrections," with all three of the sentences to be served concurrently with each other.[1] That same day, the State filed a multiple offender Bill of Information seeking to enhance defendant's sentence for battery on a correctional facility employee. The multiple bill was based on two prior convictions of distribution of cocaine (1991 and 1990), and the crime of "federal bank robbery" (1979). Defendant denied the allegations therein.
At the February 2, 2004 multiple offender hearing, the trial judge found defendant to be a second felony offender and sentenced defendant to six years "with the Department of Corrections."[2]

LAW AND DISCUSSION:
In his sole specific Assignment of Error, the defendant argues that the trial court imposed an excessive sentence. He contends that his five-year sentence for "battery of a police officer" is unconstitutionally excessive. Defendant also asserts that a "six[-]year sentence as a second offender, with a predicate conviction for the non-violent offense of distribution of cocaine, is likewise extreme and unwarranted." Defendant does not contest the validity of his conviction for battery of a correctional facility employee.
The State does not address defendant's original five-year sentence, but responds that his enhanced sentence was not excessive.
Initially, it is noted that defendant was convicted of violating LSA-R.S. 14:34.5, battery of a correctional facility employee, not LSA-R.S. 14:34.2, battery of *622 a police officer.[3] Additionally, the five-year sentence imposed by the trial court on April 10, 2003 for battery of a correctional facility employee was vacated on February 2, 2004 after a multiple offender hearing, at which time a six-year enhanced sentence was imposed. The defendant's argument relating to his original sentence is moot, since that sentence no longer exists. See, State v. Hanson, 00-1168 (La.App. 5 Cir. 12/13/00), 778 So.2d 43, 45.
Next, it is noted that defendant did not object in the trial court to the enhanced sentence as excessive nor did he make or file a Motion to Reconsider the Sentence. According to LSA-C.Cr.P. art. 881.1(B), a motion for reconsideration "shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based." According to LSA-C.Cr.P. art. 881.1(E),
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the State or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Nevertheless, this Court has reviewed a defendant's constitutional challenge of a sentence even in the absence of a Motion to Reconsider Sentence. State v. Pendelton, 00-1211 (La.App. 5 Cir. 3/14/01), 783 So.2d 459, 465, writ denied, 01-1242 (La.1/25/02), 807 So.2d 243. The failure to file a Motion to Reconsider Sentence, or to state specific grounds upon which the motion is based, merely limits a defendant to a bare review of the sentence for constitutional excessiveness. Id.
In accordance with our prior jurisprudence, the defendant's claim of constitutional excessiveness regarding his enhanced sentence is addressed.
The Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Pendelton, 783 So.2d at 465. The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pendelton supra; LSA-C.Cr.P. art. 881.4(D).
LSA-R.S. 14:34.5(B)(2) provides the penalty for battery of a correctional facility *623 employee when the offender is detained in jail:
§ 34.5. Battery of a correctional facility employee
(2) If at the time of the commission of the offense the offender is under the jurisdiction and legal custody of the Department of Public Safety and Corrections, or is being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility, the offender shall be fined not more than one thousand dollars and imprisoned with or without hard labor without benefit of parole, probation, or suspension of sentence for not less than one year nor more than five years. Such sentence shall be consecutive to any other sentence imposed for violation of the provisions of any state criminal law.
In the present case, the multiple offender Bill of Information alleged defendant to be a fourth offender based on prior convictions of distribution of cocaine (1991 and 1990), and the crime of "federal bank robbery" (1979). At the hearing, defendant's attorney, Mr. Lambert, stated that, based on the evidence presented, he did not "take much issue" with the federal conviction or with the 1991 distribution of cocaine conviction. However, Mr. Lambert argued that the evidence for the 1990 conviction was deficient and that the link between the federal conviction and the 1991 conviction was broken. As such, the defense urged the trial court to find defendant to be a second felony offender, rather than a fourth felony offender. Finally, the defense pointed out that the trial court had the ability to impose a sentence of less than the mandatory minimum even if the court found defendant to be a fourth felony offender.
As a second felony offender, defendant faced a sentencing range of two and one-half to ten years of imprisonment. See, LSA-R.S. 15:529.1(A)(1)(a) and LSA-R.S. 14:34.5(B)(2). Prior to imposing the six-year enhanced sentence, the trial judge took a recess to review the evidence. The judge then stated as follows:
THE COURT:
Okay. I wanted to review some of the evidence.
I find that the State has met its burden of proof that the Defendant is a second offender under the provisions of the Multiple Offender Statute and should be sentenced accordingly.
I also find that this case may very well also present a Dorothy type situation where the sentence as a quad offender would be unconstitutional and that it would be excessive in light of all the facts of this case, which have been well documented both at the trial and at various arguments. But, in any case, I think it would be appropriate to sentence him as a second offender.
Defendant's chief complaint is that the trial judge had no basis for imposing the sentence. The Louisiana Supreme Court has stated that the question presented when reviewing a defendant's sentence is not "whether another sentence would have been more appropriate, but whether the trial court abused its broad sentencing discretion." State v. Jones, 99-2207 (La.1/29/01), 778 So.2d 1131, 1133. Prior criminal activity is one of the factors to be considered by the trial judge in sentencing a defendant. State v. Washington, 414 So.2d 313, 315 (La.1982); State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212, 1219.
The pre-sentence investigation report (PSI) classified defendant as a third offender. At the time of the commission of the underlying offense on April 7, 2002, defendant was fifty-one years old. Prior *624 to that time, defendant had been arrested for several felonies, in particular, attempted murder and attempted armed robbery in 1969. However, the PSI indicates the district attorney's office was not able to associate the 1969 charges with the arrest and defendant pled guilty to a lesser charge and was given six months in parish prison.
The PSI also reflects that defendant was paroled for Bank Robbery on September 2, 1983, but was revoked on May 28, 1986. He was paroled again on June 5, 1990 and revoked again in 1991, to serve the remainder of his ten-year sentence in the Federal Prison System. The PSI concluded that defendant had "numerous encounters with police officers due to his defiance of authority figures."
The trial judge imposed a mid-range sentence of six years. "The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion." State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158, 1167. Under all of the circumstances in this case, in particular, defendant's past criminal history, we find no abuse of the trial judge's sentencing discretion in imposing the enhanced six-year sentence.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920: State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
The record does not show that defendant was advised of the two-year prescriptive period for filing post-conviction relief as required by LSA-C.Cr.P. art. 930.8. Therefore, this matter is remanded to the trial court and the trial court is instructed to send appropriate written notice to defendant of the prescriptive period for post-conviction relief, and to file written proof in the record that defendant received the notice within ten days of the rendering of the opinion. See, State v. Battaglia, 03-692 (La.App. 5 Cir. 11/25/03), 861 So.2d 704, 712.
It is also noted that there is a conflict between the commitment for the enhanced sentence and the corresponding transcript because the transcript reflects that the trial judge vacated the original sentence, while the commitment does not. An additional conflict between the commitment and the transcript is that the commitment appears to indicate the trial judge sentenced defendant on the misdemeanor convictions of simple battery, while the transcript reflects that the trial judge ordered the enhanced sentence to be served concurrently with those sentences, which had been previously imposed.
Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). On remand, the trial court is also ordered to correct the defendant's commitment to show that the original sentence was vacated and to clarify that the simple battery sentences were previously imposed.

CONCLUSION:
For the foregoing reasons the defendant's sentence is affirmed. This matter is remanded to the trial court for the limited purpose of informing the defendant of the time period for seeking post-conviction relief and correcting the commitment to conform with the transcript.
SENTENCE AFFIRMED; MATTER REMANDED.
NOTES
[1] The record does not disclose whether defendant sought supervisory relief from his simple battery convictions and sentences. However, considering that these convictions are misdemeanors, this appeal relates solely to defendant's appeal of his felony conviction for battery of a correctional facility employee.
[2] Although the trial court did not state that the enhanced sentence was to be served at hard labor, "a sentence committing a prisoner to the Department of Corrections is necessarily at hard labor." State v. Lisenby 534 So.2d 996, 998 (La.App. 3 Cir.1988).
[3] The penalty provisions of the two statutes are similar in that both contain a penalty of a fine of not more than $1000 and imprisonment with or without hard labor, without benefit of parole, probation or suspension of sentence for not less than one year nor more than five years, "[i]f at the time of the commission of the offense the offender is under the jurisdiction and legal custody of the Department of Public Safety and Corrections, or is being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility...." Compare, LSA-R.S. 14:34.2(B)(2) and LSA-R.S. 14:34.5(B)(2). However, LSA-14:34.2(B)(3) provides that if the battery (of a police officer) produces an injury that requires medical attention, the offender is subject to a fine of not more than $1000 or imprisonment with or without hard labor for not less than one year nor more than five years or both. LSA-R.S. 14:34.5 (battery of a correctional facility employee) does not contain a corresponding penalty provision for a battery that produces an injury requiring medical attention.