MARC E. JOHNSON, Judge.
| gDefendant pleaded guilty to illegal discharge of a weapon, manslaughter, attempted armed robbery, and two counts of armed robbery in the 24th Judicial District Court. Appellate counsel for Defendant filed the instant appeal for review of the record for errors patent on the face of the record. Additionally, appellate counsel filed a motion to withdraw. For the following reasons, we affirm Defendant’s convictions and sentences and grant appellate counsel’s motion to withdraw.
STATEMENT OF THE CASE
On March 20, 2008, the Jefferson Parish Grand Jury returned an indictment charging Defendant, Keaton Wilson, with illegal use of weapons or dangerous instrumental-ities, a violation of LSA-R.S. 14:94 (Count 1); second degree murder, in violation of LSA-R.S. 14:30.1 (Count 2); attempted armed robbery while armed with a firearm, a violation of LSA-R.S. 14:27 and LSA-R.S. 14:64.3 (Count 3); robbery while armed with a firearm, violations of LSA-R.S. 14:64 per LSA-R.S. 1,44:64.3 (Counts 4 and 5); and conspiracy to commit armed *402 robbery while armed with a dangerous weapon, violations of LSA-R.S. 14:26 and LSA-R.S. 14:64 (Count 6).
Defendant pleaded not guilty at arraignment. After a jury trial had commenced, Defendant withdrew his not guilty pleas and pleaded guilty to all counts in the amended bill of information. Defendant was sentenced to two years on Count One for illegal use of a weapon, to run concurrently with all other counts. For Count Two, which was reduced to manslaughter in violation of LSA-R.S. 14:31, Defendant was sentenced to forty years in the Department of Corrections, with the sentence to run concurrently with all other counts except Count Four. On Count Three, attempted armed robbery, Defendant was sentenced to ten years in the Department of Corrections, to run concurrently with all other sentences. For Count Four, the armed robbery charge, Defendant was sentenced to ten years in the Department of Corrections, with the sentence to run consecutively to Count Two but concurrently with all other counts. On Count Five, Defendant was sentenced to ten years in the Department of Corrections to run concurrently with all of the other counts. Count Six was dismissed by the State.
Defendant, subsequently, filed a writ application to this Court, which was transferred to the trial court for consideration as an application for an out of time appeal under LSA-C.Cr.P. art. 914. Defendant was granted an appeal, and this timely appeal follows.
FACTS AND PROCEDURAL HISTORY
In the early morning hours on September 17, 2007, Defendant and another male approached Doral Hester and friends. Once Mr. Hester and his friends informed the two men that they did not have any drugs, Defendant, armed with an assault rifle, began shooting at them. Later that morning, Garland Taylor and |4Kerwin Gibbons were approached by Defendant and one other male. Defendant demanded money and opened fire on the men. Mr. Gibbons was shot and subsequently died as a result of his injury. Mr. Taylor later identified Defendant in a photographic lineup as the man armed with the assault rifle.
Shortly thereafter, two men in a green SUV approached David Hudson and Corey Quinn. The two men, one of which was armed with an assault rifle, robbed Mr. Hudson and Mr. Quinn of their property and vehicle. Mr. Hudson identified Defendant in a photographic lineup as the man with the assault rifle who robbed him. Not long after that robbery, a store owner in Orleans Parish was approached by two men, one of whom was Defendant. The store owner disarmed Defendant of his weapon before the two men fled the scene. The gun was found to be the source of bullet shell casings from both the scenes where the previous shootings had occurred. The owner of the gun used by Defendant was located. After the owner of the gun also identified Defendant to the police, an arrest warrant was issued for Defendant.
Eventually, Defendant turned himself in to the police on September 23, 2007 in Orleans Parish. Detective Roger Gorma-ba of the Jefferson Parish Sheriffs Office was contacted by an Orleans Parish officer. Detective Gorumba took several recorded statements of Defendant, in which he admitted his involvement in the Doral Hester shooting, the Garland Taylor and Kerwin Gibbons shooting, and the armed robbery of David Hudson and Corey Quinn. The recorded statements of Defendant were played for the jury prior to his guilty pleas.
*403 | .DISCUSSION

Anders Brief

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990),[1] appointed appellant counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97); 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Additionally, appointed counsel requests to withdraw as counsel of record. The State responds that appellate counsel has satisfied the requirements of Anders and Jyles, and should be allowed to withdraw. The State maintains that there are no non-frivolous issues that might be raised on appeal and urges this Court to affirm Defendant’s conviction and sentence.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
In evaluating an appeal for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous: State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
*404 Defendant’s appellate counsel asserts in her brief that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel notes Defendant filed a pre-trial motion to suppress which was denied by the trial court; however upon pleading guilty, Defendant did not preserve his right to object 17to the rulings under State v. Crosby, 338 So.2d 584 (La.1976).[3] Counsel asserts the plea form signed by Defendant and the colloquy with the trial judge demonstrates that Defendant was informed of and considered the rights he was waiving by pleading guilty, as well as the sentences he would receive. Counsel concludes Defendant is now restricted by law from appealing his sentence under LSA-C.Cr.P. art. 881.2 and State v. Fazande, 97-979 (La.App. 5 Cir. 2/11/98); 707 So.2d 1031.
Appellate counsel has filed a motion to withdraw as attorney of record that states she has notified Defendant of the filing of her motion. Counsel also states that she has informed Defendant that he may file a supplemental brief on his own behalf. Additionally, this Court sent Defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until March 9, 2011 to file a pro se supplemental brief. In an Order dated February 23, 2011, this Court granted Defendant an extended date of March 25, 2011 to file his supplemental pro se brief. Defendant never filed a supplemental brief.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06); 926 So.2d 662, 664. The record shows Defendant was aware he was pleading guilty to illegal discharge of a firearm, manslaughter, attempted armed robbery, and two counts of armed robbery. The trial court properly advised Defendant of the right to a jury trial, the right of confrontation, and the privilege | Sagainst self-incrimination, as required by Boykin,[4] The judge also explained to Defendant the offenses with which he was charged, the sentencing ranges for those offenses, and the sentences he would receive in accordance with the plea agreement. Defendant acknowledged that he understood his rights, and that he wished to waive them and enter a guilty plea. Additionally, Defendant and his attorney signed a guilty plea form that enumerated Defendant’s rights, detailed the sentencing ranges for the charged offenses, and explained the sentences Defendant would receive under the plea agreement. Defendant further indicated that he had not been forced, coerced, or threatened to enter his guilty plea. He was also informed that his convictions could be used to enhance a penalty for any future conviction. At the time of his guilty plea, Defendant did not preserve for appeal the trial court’s denial of his pre-trial motion under Crosby, supra.
Defendant’s sentences present no ap-pealable errors. The sentences were imposed pursuant to a plea agreement. LSA-C.Cr.P. art. 881.2 A(2) provides, in part, that “[t]he defendant cannot appeal *405 or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” Additionally, Defendant’s sentences are within the statutory sentencing ranges.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, appellate counsel’s motion to withdraw is granted.
ERROR PATENT REVIEW
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). While the commitment indicates that all of Defendant’s sentences were to be served at “hard labor,” the transcript indicates only that each sentence will be served “in the Department of Corrections.” Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Although the trial court did not state that the sentences were to be served at hard labor, “a sentence committing a prisoner to the Department of Corrections is necessarily at hard labor.” State v. Lawson, 04-334 (La.App. 5 Cir. 9/28/04); 885 So.2d 618, (citing, State v. Lisenby 534 So.2d 996, 998 (La.App. 3 Cir.1988)). Accordingly, we find that no corrective is necessary.
DECREE
For the foregoing reasons, Defendant’s convictions and sentences are affirmed. Appellate counsel’s motion to withdraw as counsel for Defendant is hereby granted.

AFFIRMED; MOTION TO WITHDRAW GRANTED

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95); 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108, 1110.

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. The record does indicate, however, that initially there was some confusion about whether Defendant’s pleas would be taken under Crosby. Ultimately, Defendant acknowledged on the record that his guilty pleas were not Crosby pleas.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).