NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1033

**STATE OF LOUISIANA**

**VERSUS**

**SHERMAN R. BELL, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 170, 413-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Billy Howard Ezell, and James T. Genovese, Judges.

**CONVICTION AFFIRMED; SENTENCE VACATED; AND CASE REMANDED WITH INSTRUCTIONS.**

**Charles A. Riddle, III**
**District Attorney**
**Twelfth Judicial District Court**
**Norris J. Greenhouse**
**Assistant District Attorney**
**P. O. Box 1200**
**Marksville, LA 71351**
**(318) 253-6587**
**COUNSEL FOR:**
    **State of Louisiana**

**Myles J. Johnson**
**3211 115th Ave. NE #166**
**Bellevue, WA 98004**
**(206) 456-6957**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Sherman R. Bell, Jr.**

**EZELL, Judge.**

On November 29, 2012, an Avoyelles Parish grand jury indicted Defendant, Sherman R. Bell, Jr., for molestation of a juvenile, a violation of La.R.S. 14:81.2. In open court on January 13, 2014, the State filed a motion in limine, and Defendant filed an opposition to the State's notice of intention to introduce evidence of other crimes. The State's motion in limine was related to the motion to use other crimes evidence; the court heard testimony on the issue on the same date.

Defendant was tried by a jury on January 14, which found him guilty as charged. On July 7, 2014, the district court sentenced Defendant to five years, six months of which were without benefit of probation, parole, or suspension of sentence. As will be discussed in the "Errors Patent" section of this opinion, it is not clearly stated that the five-year term is at hard labor.

Defendant now appeals, assigning errors. We affirm the conviction and vacate the sentence due to an error patent.

## FACTS

When the victim, F.W., was fourteen years old, Defendant pushed her onto a bed and forced his penis inside her, even though she continuously told him to stop.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are three errors patent, one of which requires that Defendant's sentence be vacated.

First, the offense with which Defendant was charged requires imprisonment *with or without* hard labor. Because the offense may be punishable at hard labor, the case was required to be tried by a jury composed of six jurors, all of whom

must concur to render a verdict. La.Code Crim.P. art. 782. However, the twelve-person jury rendered a unanimous verdict, resulting in the error being harmless. *See State v. Jones*, 05-226 (La. 2/22/06), 922 So.2d 508.

Next, we find Defendant's sentence is indeterminate and must be vacated. Louisiana Revised Statutes 14:81.2 requires that Defendant's sentence be served either with or without hard labor. In imposing Defendant's sentence, the court stated, "I will order you to serve five years and six months without hard labor in the Department of Corrections." "[A] sentence committing a prisoner to the Department of Corrections is necessarily at hard labor." *State v. Lisenby*, 534 So.2d 996, 998 (La.App. 3 Cir. 1988); La.R.S. 15:824(C). Thus, it is not clear whether Defendant's sentence is to be served with or without hard labor. Accordingly, we vacate Defendant's sentence and remand this matter to the trial court for resentencing with the trial court being instructed to specify whether the sentence is to be served with or without hard labor. *See State v. Newton*, 12-541 (La.App. 3 Cir. 2/13/13), 129 So.3d 25.[1]

Finally, we find Defendant was given incorrect information regarding the time limitation for filing an application for post-conviction relief. At sentencing, Defendant was informed, "You do have your appeal delays and your post conviction relief two years from the date of your reporting for incarceration." Louisiana Code of Criminal Procedure Article 930.8 provides the defendant has *two years after the conviction and sentence become final* to seek post-conviction relief. Accordingly, the district court is instructed to correctly inform Defendant of the provisions of La.Code Crim.P. art. 930.8 at resentencing.

---

[1]The sentencing minutes and the commitment order do not accurately reflect the sentence imposed by the trial court; however, correction is not required as resentencing has been ordered.

# ASSIGNMENT OF ERROR NUMBER ONE

Defendant does not number his assignments of error, but his first two arguments relate to the same issue. He claims the State did not file notice of its intention to use other sex crime crimes evidence under La.Code Evid. art 412.2 until one week prior to trial. Further, he argues the trial court did not properly consider the prejudice to him caused by the short notice. At one point, the court told defense counsel that he should have anticipated the State's action; Defendant now argues the trial court's statement "is simply without reason or precedence."

Evidence of other sex crimes may be admissible pursuant to La.Code Evid. art. 412.2, which states:

> A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.
>
> B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.
>
> C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.

Defendant states that during discussions that occurred over the course of thirteen months, the State indicated that evidence regarding a different alleged victim, R.I., was not strong; therefore, the State would proceed regarding victim F.W. On January 6, 2014, one week before the date set for trial, the State filed its motion to introduce other crimes evidence regarding R.I. Defendant argues the short notice amounted to an ambush.

3

As a primary matter, Defendant's pre-trial discussions with the State can have no bearing on this appeal, as by their very nature, such discussions are not part of the record before this court. The next question is whether Defendant raised a timely objection that preserved the issue for appellate review. Defendant argued that the fifteen-day notice requirement of Federal Rule 413 should be applied, thus prohibiting R.I. from testifying or alternatively resulting in a continuance. Defendant states that the trial judge disagreed but does not cite to a portion of the record containing any such discussion.

The State's notice does not appear in the record, but as Defendant states, he filed a written opposition to the notice on January 13, 2014. The opposition also made the allegation that the State did not inform him of its intent to use other crimes evidence until January 6. The trial court conducted a hearing on the State's notice of intent on January 13. Near the close of the hearing, the following colloquy occurred:

BY THE COURT:

Every lawyer can challenge the legal ness [sic]. I know some other cases where the lawyers were given notice just a few days before in this jurisdiction and it, it just really didn't change. He still had to come up here blind and cross examine somebody. You got a little bit more of an advantage because you had the you've got the other case [sic]. You know something about this girl. I don't even know her name but you know sometimes the, the defense lawyer doesn't even know this witness' name until two days before trial and then they have to go forward. Because the parents wasn't going to let him depose her anyway.

BY MR. JOHNSON:

I understand but there is a (UNINTELLIGIBLE) and as you stated Judge and I mean before 412.2 the case law and challenges on that are extensive and unfortunately for me as I stand here today there is no case on point that states you know what a definition for what a reasonable time limit it.

4

BY THE COURT:

Well it probably reverts back to the (UNINTELLIGIBLE) you know.

BY MR. JOHNSON:

It does say that and if there are cases out there that specifically use the terminology to prevent ambush.

BY THE COURT:

You see I like the fifteen days. I would like to handle it in fifteen days but in this case you got the file in [sic] that girl. (UNINTELLIGIBLE) You knew about her.

ALL TALKING AT THE SAME TIME.

BY MR. JOHNSON:

I, I understand that and I operated up until last week under the belief that F.D., [F.] was going to be I mean F.W. was going to be the one that they proceeded on. That was the conversation up until a week ago.

BY THE COURT:

Well, not under 412.2 and you know I know you are familiar with Baton Rouge section cases to go around (UNINTELLIGIBLE) that experience with it. But I've seen so many (UNINTELLIGIBLE) .

ALL TALKING AT THE SAME TIME.

BY MR. JOHNSON:

But you see Judge again what your [sic] saying I am in such a precarious position none of those cases say you know what don't worry about the fifteen days. There is another standard that said predictable ness [sic] or you know how predictable is it that the prosecution will do this which is why you know and I understand that this is all strategy. I understand what is going on here.

BY THE COURT:

Right.

BY MR. JOHNSON:

5

> But there's nothing out there that protects me and says you know what you should have been able to predict it so that's the problem I have.

BY THE COURT:

> That's it I ruled on that particular issue.

We find this discussion and Defendant's written motion preserved the issue for review. The issue was clearly raised in the district court.

Turning to the substance of the issue, the jurisprudence indicates that the one-week notice of the State's intent to use other crimes evidence was not error, given that Defendant was familiar with the events regarding R.I.

In *State v. Taylor*, 96-1043, pp. 10-11 (La.App. 3 Cir. 2/5/97), 688 So.2d 1262, this court addressed a situation in which the State provided the defendant with photographs depicting the victim's injuries the day before trial. The defendant alleged surprise and untimeliness on appeal, but this court stated that surprise was not demonstrated since photocopies of many pictures showing the injuries had been provided earlier. Further, this court held the defendant had failed to demonstrate prejudice.

In *State v. Burns*, 45,539 (La.App. 2 Cir. 9/22/10), 48 So.3d 344, *writ denied*, 10-2449 (La. 3/4/11), 58 So.3d 473, the State did not give notice of its intent to introduce other crimes evidence until the day jury selection began, but the record indicated the defendant had prior knowledge of the evidence at issue. Also, he failed to argue how the "rather untimely" notice affected his trial strategy. *Id.* at 355. Therefore, the second circuit held that he failed to demonstrate prejudice.

Defendant's familiarity with R.I.'s case is implicit in the arguments he makes regarding his pretrial conversations with the State. Further, it must be noted that defense counsel conducted an able cross-examination in which he highlighted

6

apparent inconsistencies between R.I.'s testimony and prior statements she had made.

Defendant argues that he should have received at least fifteen days' notice as required by Federal Rule 413, the counterpart of La.Code Evid. art. 412.2. However, he cites absolutely no jurisprudence to support this argument, and our research has found none. Defendant acknowledged the legal weakness of his position on this issue when he stated he could find no case on point. In light of the prevailing jurisprudence regarding notice and the lack of legal support for his argument for fifteen-day notice, Defendant's argument on this point must fail. For the reasons discussed, this assignment of error lacks merit.

### ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Defendant argues the trial court improperly applied the balancing test of La.Code Evid. art. 403, which states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."[2]

A trial court's ruling on this issue will not be overturned absent an abuse of discretion. *State v. Wright*, 11-141 (La. 12/6/11), 79 So.3d 309. Defendant cites no jurisprudence and does not cite any portion of the record to support his argument. He argues, as he did below, that R.I.'s testimony was so incredible that it was unduly prejudicial to let the jury hear it. We find Defendant's argument

---

[2] Pursuant to La.Code Evid. art. 412.2(A), the evidence of other sex crimes at issue in the present case was subject to the balancing test of La.Code Evid. art. 403.

does not demonstrate any legal or factual aspect of the ruling that indicates the trial court abused its discretion in admitting R.I.'s testimony.

## ASSIGNMENT OF ERROR NUMBER THREE

In his next argument, Defendant complains that he did not learn of R.I.'s juvenile record until three days before trial and did not receive a copy of R.I.'s juvenile record until the day of trial.

However, Defendant fails to allege the specific prejudice that arose from the short notice. Specifically, Defendant does not state what there was in R.I.'s record that he would have used to his advantage at trial or how his trial strategy would have been different if he had received notice earlier. Defendant implicitly acknowledges he failed to secure a ruling on the timeliness of the notice.

Defendant further alleges that the record he did receive was incomplete, but he does not explain what was missing or how a more detailed or lengthy edition of R.I.'s juvenile record would have affected his trial strategy. The jurisprudence cited in the first assignment shows the absence of such a showing is fatal to his argument. He has not demonstrated prejudice. For the reasons discussed, this assignment lacks merit.

## ASSIGNMENT OF ERROR NUMBER FOUR

Defendant also argues the trial court erred by not granting him a continuance and not granting a stay to apply for an emergency writ after the adverse ruling already discussed. He does not raise these issues as a separate assignment, but we acknowledge this argument for the sake of clarity.

It is well-established that district courts have broad discretion regarding whether to grant continuances. La.Code Crim.P. art. 712; s*ee, e.g., State v. Mark*,

13-556 (La. 3/13/13), 109 So.3d 368.[3]  The decision whether to grant a stay is also a matter of a court's discretion.  *State v. Bennett*, 610 So.2d 120 (La.1992).  For the reasons discussed in the earlier assignments of error, the trial court did not abuse its discretion by declining to grant the requested continuance.  Therefore, this assignment of error lacks merit.

## DISPOSITION

Defendant's conviction is affirmed.  Defendant's sentence is vacated, and we remand the case for resentencing with the district court.  The trial court is instructed to specify whether the sentence is to be served with or without hard labor. The trial court is also instructed to correctly advise Defendant of the provisions of La.Code Crim.P. art. 930.8 at resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED; AND CASE REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules-Courts of Appeal, Rule 2-16.3.

---

[3] Although continuances are normally required to be written and made in advance of trial, oral motions may be considered. *See, e.g., State v. Fanguy*. 94-143 (La.App. 3 Cir. 10/5/94), 643 So.2d 860, *writ denied*, 94-2726 (La. 4/21/95), 653 So.2d 563.