STATE OF LOUISIANA

VERSUS

ELVIN D. VILLAFRANCA

NO. 18-KA-500

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON REMAND FROM THE LOUISIANA SUPREME COURT
AN APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 15-4323, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

September 09, 2020

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Hans J. Liljeberg

**CONVICTIONS AND SENTENCES FOR**
**COUNTS THREE AND FOUR AFFIRMED;**
**CONVICTION AND SENTENCE FOR**
**COUNT ONE VACATED; REMANDED**
    **MEJ**
    **JGG**
    **HJL**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Paul D. Connick, Jr.
    Terry M. Boudreaux
    Anne M. Wallis
    Laura S. Schneidau
    Emily E. Booth

COUNSEL FOR DEFENDANT/APPELLANT,
ELVIN D. VILLAFRANCA
    Gwendolyn K. Brown

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA, DEPARTMENT OF JUSTICE
    Jeffrey M. Landry
    Colin Clark
    J. Taylor Gray

**JOHNSON, J.**

## ON REMAND FROM THE LOUISIANA SUPREME COURT

This matter comes before this Court pursuant to an order of remand from the Louisiana Supreme Court. *See*, *State v. Villafranca*, 19-2093 (La. 6/3/20); 296 So.3d 1057 (*per curiam*). In its order, the supreme court instructed this Court to conduct a new errors patent review in light of the United States Supreme Court's ruling in *Ramos v. Louisiana*, --- U.S. ---, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). For the following reasons, we find that Defendant is entitled to a new trial on count one. Accordingly, we vacate Defendant's conviction and sentence for count one and remand the matter to the trial court for further proceedings. Furthermore, we affirm the convictions and sentences for counts three and four.

As noted in this Court's previous opinion, Defendant, Elvin D. Villafranca, was charged with forcible rape of a juvenile[1] (D.O.B. 8/29/2000) in violation of La. R.S. 14:42.1 (count one), sexual battery of a juvenile under 13 years of age (D.O.B. 5/27/2005) in violation of La. R.S. 14:43.1 (count three), and sexual battery of a juvenile under 13 years of age (D.O.B. 11/1/2007) in violation of La. R.S. 14:43.1 (count four). *See*, *State v. Villafranca*, 18-500 (La. App. 5 Cir. 11/27/19); 287 So.3d 118, 124, *writ granted and remanded*, 20-100 (La. 6/3/20); 296 So.3d 1034, and *writ granted and remanded*, 19-2093 (La. 6/3/20); 296 So.3d 1057. At the conclusion of the trial on March 20, 2018, the jury returned a responsive verdict of guilty of attempted forcible rape on count one and guilty as charged on counts three and four. *Id*. at 133. The trial court sentenced Defendant on count one, attempted forcible rape, to ten years imprisonment in the Department

---

[1] In the interest of protecting minor victims and victims of sexual offenses as set forth in La. R.S. 46:1844(W)(3), the judges of this Court have adopted a policy that this Court's published work will use only initials to identify the victim and any defendant or witness whose name can lead to the victim's identity (*i.e.*, parent, sibling, or relative with the same last name as the victim). *State v. Ross*, 14-84 (La. App. 5 Cir. 10/15/14); 182 So.3d 983, 985 n.3.

of Corrections,[2] and on each of counts three and four, sexual battery of a juvenile under 13 years of age, to 25 years imprisonment.  The trial court further ordered the sentences imposed on each count to be served without the benefit of probation, parole, or suspension of sentence and ordered that they be served consecutively to one another.  *Id.*

On appeal, Defendant challenged his convictions by a non-unanimous jury as one of his assigned errors.  This Court found that Defendant did not properly preserve the issue for appeal.  *State v. Villafranca*, 287 So.3d at 145.  At the time of Defendant's convictions, non-unanimous jury verdicts were permissible under La. Const. Art. I, § 17, La. C.Cr.P. art 782, and the applicable jurisprudence.  This Court affirmed Defendant's convictions and sentences.  *Id.* at 150.

Thereafter, on April 20, 2020, the United States Supreme Court handed down its decision in *Ramos v. Louisiana*, *supra*, where the United States Supreme Court found that the Sixth Amendment right to a jury trial—as incorporated against the states by the Fourteenth Amendment—requires a unanimous verdict to convict a defendant of a serious offense.[3]  It held, "Wherever we might look to determine what the term 'trial by an impartial jury trial' meant at the time of the Sixth Amendment's adoption—whether it's the common law, state practices in the founding era, or opinions and treatises written soon afterward—the answer is unmistakable.  A jury must reach a unanimous verdict in order to convict."  *Id.* at 1395.  The Court concluded, "There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal trials equally…So if the Sixth Amendment's right to a jury trial requires a unanimous

---

[2] Although the trial court did not state that Defendant's sentence on count one was to be served at hard labor, "a sentence committing a prisoner to the Department of Corrections is necessarily at hard labor." *State v. Lawson*, 04-334 (La. App. 5 Cir. 9/28/04); 885 So.2d 618 (citing *State v. Lisenby*, 534 So.2d 996, 998 (La. App. 3d Cir.1988)).

[3] For purposes of the Sixth Amendment, federal law defines petty offenses as offenses subject to imprisonment of six months or less and serious offenses as offenses subject to imprisonment over six months.  *See generally*, *Lewis v. United States*, 518 U.S. 322, 327-28, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996); *Hill v. Louisiana*, 2013WL486691 (E.D. La. 2013).

verdict to support a conviction in federal court, it requires no less in state court." *Id*. at 1397. According to *Ramos*, Louisiana will have to retry defendants who were convicted of serious offenses by non-unanimous juries, and whose cases are still pending on direct appeal.

Thereafter, the Louisiana Supreme Court granted Defendant's writ application that challenged his convictions and sentences and remanded the matter to this Court to conduct a new errors patent review in light of *Ramos*. *See*, *State v. Villafranca*, 296 So.3d at 1057. Upon remand, the State filed a motion to supplement the record with the jury verdict polling slips, asserting that each of the sexual battery convictions were rendered by unanimous juries. The State's motion was granted, and the Clerk of Court for the 24th Judicial District Court was ordered to supplement the record with the jury polling slips. The polling slips reflected that the jury verdict for count one was 11-1, and the verdicts for counts three and four were unanimous.

Defendant was convicted of attempted forcible rape (count one) and two counts of sexual battery of a juvenile under thirteen years of age (counts three and four). Since the punishments for these offenses are all necessarily confinement at hard labor, a jury of twelve persons was required. *See* La. Const. Art. I, § 17; La. C.Cr.P. art. 782; La. R.S. 14:42.1; La. R.S. 14:43.1. Because the jury verdicts for counts three and four were unanimous, we find that there is no error that requires corrective action, pursuant to *Ramos*. We, therefore, will not disturb our original opinion regarding counts three and four.

However, based on *Ramos* and the facts that the instant case is still on direct review and the jury verdict was not unanimous on count one for the serious offense (attempted forcible rape), we vacate the conviction and sentence on count one. We

further find that Defendant is entitled to a new trial on count one and remand the matter for further proceedings.[4]

## DECREE

For the foregoing reasons, we affirm the convictions and sentences for the two counts of sexual battery of a juvenile under 13 years of age. Furthermore, Defendant's conviction and sentence for the attempted forcible rape offense are vacated, and the matter is remanded to the trial court for further proceedings.

**CONVICTIONS AND SENTENCES FOR COUNTS THREE AND FOUR AFFIRMED; CONVICTION AND SENTENCE FOR COUNT ONE VACATED; REMANDED**

---

[4] An errors patent review was performed in the original opinion of this Court, where it was found that Defendant was not notified of Louisiana's sex offender registration requirements, pursuant to La. R.S. 15:540, *et seq*. This errors patent is now moot as to count one.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 9, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 18-KA-500

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
ANNE M. WALLIS (APPELLEE)
GWENDOLYN K. BROWN (APPELLANT)

TERRY M. BOUDREAUX (APPELLEE)
GRANT L. WILLIS (APPELLEE)

THOMAS J. BUTLER (APPELLEE)
J. TAYLOR GRAY (APPELLEE)

### MAILED

HONORABLE JEFFREY M. LANDRY
(APPELLEE)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
EMILY E. BOOTH (APPELLEE)
LAURA S. SCHNEIDAU (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053