STATE OF LOUISIANA

VERSUS

ARGENTINA MESA

NO. 18-KA-526

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON REMAND FROM THE LOUISIANA SUPREME COURT
AN APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 15-4323, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

September 09, 2020

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Hans J. Liljeberg

<u>**CONVICTIONS AND SENTENCES AFFIRMED**</u>
    **MEJ**
    **JGG**
    **HJL**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
 Paul D. Connick, Jr.
 Terry M. Boudreaux
 Anne M. Wallis
 Laura S. Schneidau
 Emily E. Booth

COUNSEL FOR DEFENDANT/APPELLANT,
ARGENTINA MESA
 Sherry A. Watters

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA, DEPARTMENT OF JUSTICE
 Jeffrey M. Landry
 Colin Clark
 J. Taylor Gray

**JOHNSON, J.**

## ON REMAND FROM THE LOUISIANA SUPREME COURT

This matter comes before this Court pursuant to an order of remand from the Louisiana Supreme Court. *See*, *State v. Mesa*, 19-1908 (La. 6/3/20); 296 So.3d 1044. In its order, the supreme court instructed this Court to conduct a new errors patent review in light of the United States Supreme Court's ruling in *Ramos v. Louisiana*, --- U.S. ---, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). For the following reasons, we affirm Defendant's convictions and sentences.

As noted in this Court's previous opinion, Defendant was charged with forcible rape of a juvenile[1] (D.O.B. 8/29/2000) in violation of La. R.S. 14:42.1 (count one), sexual battery of a juvenile (D.O.B. 8/29/2000) in violation of La. R.S. 14:43.1 (count two), and sexual battery of a juvenile under 13 years of age (D.O.B. 5/27/2005) in violation of La. R.S. 14:43.1 (count three). *State v. Mesa*, 18-526 (La. App. 5 Cir. 11/27/19); 287 So.3d 89, 95, *writ granted and remanded*, 19-1908 (La. 6/3/20); 296 So.3d 1044. At the conclusion of the trial on March 20, 2018, the jury returned a verdict of not guilty on count one and guilty as charged on counts two and three. *Id*. at 100. The trial court sentenced Defendant on count two (sexual battery of a juvenile) to ten years imprisonment without the benefit of parole, probation, or suspension of sentence, and 25 years in the Department of Corrections[2] without the benefit of parole, probation, or suspension of sentence on count three (sexual battery of a juvenile under 13 years of age). *Id*. at 101. The

---

[1] In the interest of protecting minor victims and victims of sexual offenses as set forth in La. R.S. 46:1844(W)(3), the judges of this Court have adopted a policy that this Court's published work will use only initials to identify the victim and any defendant or witness whose name can lead to the victim's identity (i.e., parent, sibling, or relative with the same last name as the victim). *State v. Ross*, 14-84 (La. App. 5 Cir. 10/15/14); 182 So.3d 983, 985 n.3.

[2] Although the trial court did not state that Defendant's sentence on count three was to be served at hard labor, "a sentence committing a prisoner to the Department of Corrections is necessarily at hard labor." *State v. Lawson*, 04-334 (La. App. 5 Cir. 9/28/04); 885 So.2d 618 (citing *State v. Lisenby*, 534 So.2d 996, 998 (La. App. 3d Cir.1988)).

trial court further ordered the sentences imposed on counts two and three to be served consecutively to one another. *Id.*

On appeal, Defendant challenged her convictions by a non-unanimous jury as one of her assigned errors. This Court found that Defendant did not properly preserve the issue for appeal. *State v. Mesa*, 287 So.3d at 112. At the time of Defendant's convictions, non-unanimous jury verdicts were permissible under La. Const. Art. I, § 17, La. C.Cr.P. art 782, and the applicable jurisprudence. This Court affirmed Defendant's convictions and sentences. *Id.* at 118.

Thereafter, on April 20, 2020, the United States Supreme Court handed down its decision in *Ramos v. Louisiana*, *supra*, where the United States Supreme Court found that the Sixth Amendment right to a jury trial—as incorporated against the states by the Fourteenth Amendment—requires a unanimous verdict to convict a defendant of a serious offense.[3] It held, "Wherever we might look to determine what the term 'trial by an impartial jury trial' meant at the time of the Sixth Amendment's adoption—whether it's the common law, state practices in the founding era, or opinions and treatises written soon afterward—the answer is unmistakable. A jury must reach a unanimous verdict in order to convict." *Id.* at 1395. The Court concluded, "There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal trials equally…So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court." *Id.* at 1397. According to *Ramos*, Louisiana will have to retry defendants who were convicted of serious offenses by non-unanimous juries, and whose cases are still pending on direct appeal.

---

[3] For purposes of the Sixth Amendment, federal law defines petty offenses as offenses subject to imprisonment of six months or less and serious offenses as offenses subject to imprisonment over six months. *See generally*, *Lewis v. United States*, 518 U.S. 322, 327-28, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996); *Hill v. Louisiana*, 2013WL486691 (E.D. La. 2013).

Following the *Ramos* decision, the Louisiana Supreme Court granted Defendant's writ application that challenged his convictions and sentences and remanded the matter to this Court to conduct a new errors patent review in light of *Ramos*. *See*, *State v. Mesa*, 296 So.3d at 1044. Upon remand, the State filed a motion to supplement the record with the jury polling slips, asserting that each of the sexual battery convictions were rendered by unanimous juries. The State's motion was granted, and the Clerk of Court for the 24th Judicial District Court was ordered to supplement the record with the jury polling slips. The polling slips reflected that the verdicts were unanimous for counts two and three.

Defendant was convicted of sexual battery of a juvenile (count two), and sexual battery of a juvenile under 13 years of age (count three). Since the punishments for these offenses are all necessarily confinement at hard labor, a jury of twelve persons was required. *See* La. Const. Art. I, § 17; La. C.Cr.P. art. 782; La. R.S. 14:42.1; La. R.S. 14:43.1. Because the jury verdicts for counts three and four were unanimous, we find that there is no error that requires corrective action, pursuant to *Ramos*, and Defendant is not entitled to relief. We, therefore, will not disturb our original opinion.

## **DECREE**

For the foregoing reasons, we affirm Defendant's convictions and sentences.

**CONVICTIONS AND SENTENCES AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 9, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 18-KA-526

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
ANNE M. WALLIS (APPELLEE)          TERRY M. BOUDREAUX (APPELLEE)          THOMAS J. BUTLER (APPELLEE)
SHERRY A. WATTERS (APPELLANT)      GRANT L. WILLIS (APPELLEE)             J. TAYLOR GRAY (APPELLEE)

### MAILED
HONORABLE JEFFREY M. LANDRY
(APPELLEE)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
EMILY E. BOOTH (APPELLEE)
LAURA S. SCHNEIDAU (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053